**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-5175**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE GERMAN HENRIQUEZ,

Defendant - Appellant.

———————

**No. 06-5276**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE LUIS TORRES,

Defendant - Appellant.

———————

Appeals from the United States District Court for the District of South Carolina, at Spartanburg.  Henry F. Floyd, District Judge. (7:06-cr-00151)

———————

Submitted:  June 4, 2007                    Decided:  July 9, 2007

———————

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————————

J. Falkner Wilkes, CRAVEN & WILKES, Greenville, South Carolina; Richard H. Warder, Greenville, South Carolina; Benjamin T. Stepp, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina; for Appellants. Reginald I. Lloyd, United States Attorney, Columbia, South Carolina; Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose German Henriquez and Jose Luis Torres pled guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000). Henriquez was sentenced to 151 months' imprisonment, at the bottom of his sentencing guidelines range. The district court found Torres qualified for a "safety valve" sentencing reduction, see 18 U.S.C.A. § 3553(f) (West 2000 & Supp. 2006), and sentenced Torres to eighty-seven months' imprisonment, below the statutory minimum of ten years' imprisonment. See 21 U.S.C. § 841(b)(1)(A) (2000).

On appeal, counsel for Henriquez and Torres have filed a consolidated brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but stating their clients challenge the propriety of their guilty pleas and sentences. Neither Henriquez nor Torres filed pro se supplemental briefs, despite being notified of their right to do so. The Government declined to file a responding brief. Finding no error, we affirm.

Counsel raised as a potential issue the adequacy of the plea colloquy conducted pursuant to Fed. R. Crim. P. 11, but they do not specify any deficiencies in the district court's Rule 11 inquiries. Because neither Henriquez nor Torres moved in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. See United States v.

<u>Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard of review). Our careful review of the record convinces us that the district court fully complied with the mandates of Rule 11 in accepting the guilty pleas. The court ensured Henriquez and Torres entered their pleas knowingly and voluntarily and that their pleas were supported by an independent factual basis. <u>See</u> <u>United States v. DeFusco</u>, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We therefore conclude this claim fails.

Counsel also raised as a potential issue whether the district court erred in adopting the presentence report ("PSR") and its calculations. As they raise this issue for the first time on appeal, review is for plain error. <u>See</u> <u>United States v. Evans</u>, 416 F.3d 298, 300 (4th Cir. 2005). We find no such error in the district court's adoption of the PSR or its calculations. Accordingly, this claim fails.

Finally, the <u>Anders</u> brief seeks review of whether the district court improperly found Henriquez qualified for a criminal history category of II based on prior state misdemeanor convictions in which Henriquez was not represented by counsel. Henriquez bears the burden of showing the prior conviction is invalid, <u>United States v. Jones</u>, 977 F.2d 105, 110 (4th Cir. 1992), and because Henriquez did not object to the use of these misdemeanor convictions in the PSR's calculations, we review for plain error. A prior uncounseled misdemeanor conviction may be used to enhance

the sentence for a subsequent offense only if no prison term was imposed.  See Nichols v. United States, 511 U.S. 738, 748-49 (1994).  Henriquez does not dispute he was sentenced to probation on both state offenses.  Furthermore, Henriquez's conclusory and unsupported allegation fails to overcome the presumption that the state court informed him of his right to counsel as it was required to do.  Parke v. Raley, 506 U.S. 20, 28-34 (1992).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm Henriquez's and Torres's convictions and sentences.  We deny counsels' motion to withdraw from representation.  This court requires that counsel inform Henriquez and Torres, in writing, of the right to petition the Supreme Court of the United States for further review.  If Henriquez or Torres requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Any such motion to withdraw must state that a copy thereof was served on the moving attorney's client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>